STATE v. LANIER.

---

*Maupin, Broughton, Taylor & Ellis for defendants J. E. Womble & Sons, Inc., and Barter Wright Mason, appellants.*

*Smith, Leach, Anderson & Dorsett for additional defendant Horton, appellee.*

---

STATE v. BRUCE LANIER.

(Filed 21 November 1962.)

**Forgery § 2—**

Conflicting evidence as to whether the signature on the check in question was that of the maker or whether defendant signed the name of the purported maker, *held* to take the issue to the jury.

APPEAL by the defendant from *Olive, J.,* May 1962 Term of ROWAN.

Criminal prosecution upon two indictments which charge (1) that on January 7, 1961, defendant forged a check in the amount of $4,700.00 upon the account of Herbert Flora, Jr., and (2) that on the same day he uttered the forged check.

Plea: Not guilty. Verdict: Guilty.

From judgment imposed, defendant appealed.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Robert M. Davis for defendant appellant.*

PER CURIAM.   Upon the trial in the Superior Court the defendant testifying in his own behalf, admitted that he deposited the check in question in his account at the Scottish Bank in Salisbury. He denied, however, that he wrote the signature of Herbert Flora, Jr. on it. On

the contrary, he said that he saw Flora sign the check; that Flora then delivered it to him in payment of a $4,600.00 gambling debt and a $100.00 used car he had sold Flora. The teller and the bookkeeper of the Security Bank and Trust Company at Salisbury, which cashed the check, each testified that in his opinion the signature on the questioned check was that of Herbert Flora, Jr.

Flora himself swore that he did not sign the check and knew nothing about it until he received it in his bank statement at the end of the month. His testimony was that, after buying a used car from the defendant for his son, the defendant gave him two drinks in a shot glass: the first one at 5:00 p.m., the second one at 6:00 p.m.; that shortly after the second drink he knew nothing more until 10:00 p.m. when he came to himself on the floor of defendant's office. A special agent of the Federal Bureau of Investigation, an expert assigned to the full-time examination of questioned documents, after studying enlargements of the $4,700.00 check and a number of genuine Flora checks, testified that in his opinion the signature on the questioned check was not written by the writer of the genuine Flora signatures used for comparison.

The question of fact which arose upon this conflicting evidence was for the jury to answer. The charge of the court fairly presented the defendant's contentions to the jury and correctly stated the applicable principles of law. The jury answered the issue against the defendant in a trial in which we find no reversible error.

No error.